# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Quebecor World (USA) INC., | : | |
| Plaintiff and Counterclaim Defendant, | : | |
| vs. | : | C.A. No. 2007-238ML |
| Elegant Publishing, Inc., | : | |
| Defendant and Counterclaimant. | : | |

## ANSWER AND COUNTERCLAIM

Now comes Defendant Elegant Publishing, Inc. ("Defendant" or "Elegant") to answer Plaintiff's Complaint as follows:

1. Defendant lacks sufficient knowledge to admit or deny the allegations contained in paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in paragraph 3 of the Complaint.

4. Defendant admits the allegations contained in paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant denies the allegations contained in paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in paragraph 7 of the Complaint.

8. Defendant denies "breaching the agreement by failing to pay amounts due and owing" but admits to terminating the Agreement by means of the communication to Quebecor, on or about April 6, 2007. Defendant denies that said termination was "improper" or that it "further breached the provisions of the Agreement".

9. Defendant denies the allegations contained in paragraph 9 of the Complaint.

**COUNT I**

10. Defendant restates and incorporates its answers to paragraphs 1 through 9 as if fully set forth herein.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

**COUNT II**

15. Defendant restates and incorporates its answers to paragraphs 1 through 14 as if fully set forth herein.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

**COUNT III**

17. Defendant restates and incorporates its answers to paragraphs 1 through 16 as if fully set forth herein.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

WHEREFORE the Defendant demands judgment against Plaintiff denying and dismissing the Complaint and awarding Defendant counterclaim damages incurred together with its costs, interests, and attorney's fees.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's allegations fail to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the Doctrine of Estoppel.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the Doctrine of Waiver.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the Doctrine of Unclean Hands.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the Doctrine of Accord and Satisfaction.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by its failure to perform as agreed under the Printing Agreement.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by its own negligence.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, were caused by its own acts or the acts of third parties over whom Defendant has no control or responsibility.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by its failure to adhere to its terms and conditions of the Printing Agreement including, but not limited to, failure to make price adjustments in accordance with market conditions.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the Printing Agreement is a contract of adhesion.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by its fraud.

**TWELTH AFFRIMATIVE DEFENSE**

Plaintiff's claims are barred because the Printing Agreement was entered into under duress.

DEFENDANT/COUNTERCLAIMANT DEMANDS TRIAL BY JURY FOR ALL ISSUES SO TRIABLE.

Respectfully submitted,

/s/ Harris K. Weiner

Harris K. Weiner, Esquire #3779
321 South Main Street, Suite 302
Providence, Rhode Island 02903
Office: (401) 351-8200
Facsimile: (401) 351-9032

**COUNTERCLAIM**

Now comes Defendant and Counterclaimant Elegant Publishing, Inc. ("Counterclaimant" or "Elegant") to allege as follows:

*Parties*

1. Counterclaimant Elegant Publishing, Inc. is a Rhode Island Corporation with its principal place of business in Barrington, Rhode Island.

2. Counterclaim Defendant Quebecor World (USA) Inc., upon information and belief, is a Delaware corporation with its principal place of business in North Haven, Connecticut.

*Jurisdiction and Venue*

3. This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 332(a)(1) because there is a diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00 dollars, exclusive of interests and costs. Further, the partiers have consented to the jurisdiction of this Court pursuant to the Forum Selection Clause in the contractual Agreement at issue in this action.

4. Venue is proper in this Court because the parties have specifically consented to venue in this District.

5. On or about August 27, 2004 Counterclaimant and Defendant entered into a Printing Agreement ("Agreement"), whereby Counterclaim Defendant agreed to provide printing and related services regarding Elegant's periodic publication of magazines entitled *Wedding Style Magazine* and *Marriage Magazine*. A copy of the contract is attached hereto as *Exhibit A*.

6. The Agreement provides, *inter alia*, that the Counterclaim Defendant as printer produce magazines for Elegant at a level of quality that meets or exceeds printing industry standards which Counterclaim Defendant failed to do.

7. Counterclaimant identified defective pages and covers that failed to match approved proofs or meet industry standards which were so extensive as to render the entire magazines defective and/or unsaleable.

8. The Agreement provides that all price increases by the Counterclaim Defendant would by in accordance with then existing market conditions but the Counterclaim Defendant increased prices to the Counterclaimant far in excess of those justified by market conditions.

9. Counterclaimant was overcharged by Counterclaim Defendant by more than $100,000.00 dollars for each issue of *Wedding Style Magazine* and by significant sums for issues of *Marriage Magazine*.

10. The Agreement provides that the Counterclaim Defendant will cure defects in the magazines or pay damages.

11. Counterclaim Defendant has failed to cure or pay damages as agreed.

12. On or about April 6, 2007 Counterclaimant properly terminated the Printing Agreement between the parties for failure to cure or pay damages despite the repeated demands and requests for meetings on the subject, as well as for failure to comply with the price adjustment provision of the Agreement.

**COUNT I**
**BREACH OF CONTRACT**

13. Counterclaimant incorporates and restates the allegations in paragraphs 1 through 12 as if fully set forth herein.

14. Elegant met its obligations under the agreement.

15. Counterclaim Defendant failed to provide printing and related services as agreed and further failed to cure in accordance with the Agreement.

16. As direct result of Counterclaim Defendant's breach of contract, Counterclaimant has suffered damages.

WHEREFORE Counterclaimant Elegant Publishing, Inc. demands judgment against Counterclaim Defendant Quebecor World (USA) Inc. for counterclaim damages incurred together with costs, interest, and attorney's fees.

**COUNT II**
**BREACH OF CONTRACT**

17. Counterclaimant incorporates and restates the allegations in paragraphs 1 through 16 as if fully set forth herein.

18. Elegant met its obligations under the Agreement.

19. The Counterclaim Defendant overcharged Counterclaimant in excess of over $100,000.00 dollars per issue of *Wedding Style Magazine* and also overcharged for *Marriage Magazine* in contravention of the Printing Agreement.

20. Counterclaim Defendant failed to provide printing and related services as agreed and further failed to cure in accordance with the Agreement.

21. As direct result of Counterclaim Defendant's breach of contract, Counterclaimant has suffered damages.

WHEREFORE Claimant Elegant Publishing, inc. demands judgment against Counterclaim Defendant Quebecor World (USA) Inc. for damages incurred together with costs, interest, and attorney's fees.

**COUNT III**

**FRAUD**

22. Counterclaimant incorporates and restates the allegations in paragraphs 1 through 21 as if fully set forth herein.

23. Counterclaim Defendant made repeated false assurances to Elegant that the failure to match proofs would be corrected but the problem was not properly addressed or resolved.

24. These assurances fraudulently induced Elegant to enter into the Printing Agreement and to continue printing with the Counterclaim Defendant.

25. Counterclaim Defendant printed Counterclaimant's magazines on antiquated machinery in Canada designed to maximize Counterclaim Defendants profits and increase Counterclaimant's costs when alternative methods were available.

26. Despite repeated assurances that defective pages and covers would be cured, Counterclaim Defendant failed to do so.

27. Counterclaim Defendant fraudulently induced Counterclaimant to enter into the Printing Agreement based on future price adjustments that were supposed to comport with market conditions but which actually exceeded market conditions by significant amounts.

28. Elegant reasonably relied on Counterclaim Defendant's false assurances and misrepresentations to its detriment.

29. Counterclaim Defendant's fraudulent actions induced Counterclaimant to enter into the Printing Agreement after which Defendant overcharged and failed to perform as agreed causing Counterclaimant to incur damages.

WHEREFORE Claimant Elegant Publishing, Inc. demands judgment against Counterclaim Defendant Quebecor World (USA) Inc. for damages incurred together with costs, interest, and attorney's fees.

COUNTERCLAIMANT DEMANDS TRIAL BY JURY FOR ALL ISSUES SO TRIABLE.

Respectfully submitted,

/s/ Harris K. Weiner

Harris K. Weiner, Esquire #3779
321 South Main Street, Suite 302
Providence, Rhode Island 02903
Office: (401) 351-8200
Facsimile: (401) 351-9032

## CERTIFICATION

I, the undersigned, hereby certify that on this **12th** day of **July 2007**, a true copy of the foregoing ANSWER AND COUNTERCLAIM was mailed, postage prepaid, to the attorney(s) of record listed below.

/s/ Harris K. Weiner
Harris K. Weiner, Esquire

Steven M. Richard, Esquire
NIXON PEABODY LLP
One Citizens Plaza, Suite 500
Providence, Rhode Island 02903