UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| QUEBECOR WORLD (USA) INC.<br>Plaintiff,<br>v.<br>ELEGANT PUBLISHING, INC.<br>Defendant. | :<br>:<br>:<br>:<br>:<br>: | C.A. No. 2007-238-ML |

**PLAINTIFF'S STATEMENT FOR PURPOSES OF THE RULE 16 PRETRIAL CONFERENCE**

Plaintiff Quebecor World (USA) Inc. ("Quebecor") submits this Statement as required pursuant to this Court's Notice of Pretrial Conference.

I. SUMMARY OF THE FACTS

Defendant Elegant Publishing, Inc. ("Elegant") has failed to pay Quebecor for services rendered pursuant to a Printing Services Agreement dated August 27, 2004 ("Agreement"). Quebecor supplied printing and related services regarding Elegant's publication of *Wedding Style Magazine and Marriage Magazine.* Quebecor fulfilled all of its printing obligations under the Agreement.

On January 10, 2007, Elegant sent Quebecor an e-mail communication alleging certain printing defects, and Quebecor reviewed the allegations carefully. In the interests of maintaining a good working relationship with Elegant, Quebecor agreed to address some, but not all, of the issues raised by Elegant. Despite Quebecor's good faith efforts, Elegant persisted in making unreasonable demands, which evidenced that Elegant was seeking to terminate the Agreement.

On April 6, 2007, Elegant sent a "Notice of Termination" to Quebecor that breached the Agreement. According to Section 13 of the Agreement, Elegant had the right to terminate only "upon the material uncured breach by the Printer of its obligations." Quebecor has not ever committed any such material or uncured breach of the Agreement. Further, it was Elegant's own actions that caused any difficulties in the parties' working relationship under the Agreement. As an example, Elegant failed to provide Quebecor with timely printing schedules, which had the effect of placing a substantial burden on Quebecor.

Elegant's allegations of product defect are without merit, given that proofs were duly pre-approved by an authorized Elegant representative and Quebecor delivered services in accordance with the pre-approved proofs. Likewise, Elegant's allegations that Quebecor breached the Agreement's pricing terms are incorrect because Elegant agreed to Quebecor's pricing adjustments.

Quebecor seeks Elegant's full payment of the outstanding invoices. Elegant has made the unilateral decision to pay down the balance to approximately $250,000. Elegant apparently contends that it is entitled to set-off its alleged damages to negate the remaining unpaid balance, and Quebecor disputes that Elegant has any legitimate claim of set-off.

## II. LEGAL ISSUES

Counsel for the parties have conferred and addressed all of the items prescribed in the Notice of Pretrial Conference. As part of their conference, counsel discussed the following legal issues that will arise during the litigation:

- The Agreement was not formally signed by both parties. However, through the parties' course of conduct, they viewed the Agreement as the governing document

in their business relationship. Discovery will be necessary to confirm the parties' understanding of their respective contractual obligations.

- Counsel discussed the standard of proof to confirm whether or not printing deficiencies existed as alleged by Elegant and denied by Quebecor. Expert testimony may be required to opine regarding the existence and materiality of the alleged and disputed printing deficiencies.

QUEBECOR WORLD (USA) INC.

By its Attorneys,

/s/ Steven M. Richard
Steven M. Richard (#4403)
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
401-454-1000 (Tel.)
401-454-1030 (Fax)
srichard@nixonpeabody.com

Dated: August 22, 2007

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participant, Harris Weiner, Esq. at hkw@pinelaw.com, identified on the Notice of Electronic Filing, on this 22nd day of August, 2007.

/s/ Steven M. Richard