**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

Quebecor World (USA) INC., :

Plaintiff and Counterclaim-Defendant, :

vs. : C.A. No. 2007-238ML

Elegant Publishing, Inc., :

Defendant and Counterclaimant. :

**RULE 12 STATEMENT OF DEFENDANT/COUNTERCLAIMANT ELEGANT PUBLISHING, INC.**

Defendant/Counterclaimant Elegant Publishing, Inc. ("Elegant") is a Rhode Island corporation based in Barrington that publishes the grace ormonde Wedding Style Magazine and grace ormonde Wedding Style New England Magazine which are produced twice a year. The grace ormonde Wedding Style Magazine is distributed nationally and grace ormonde Wedding Style New England is distributed regionally. These magazines, which are top quality publications that feature high-end weddings and related services and products, have been published for approximately eight years.

Until April 2007 Elegant's Publications were printed in Montreal, Quebec, Canada by Quebecor World "USA", Inc. ("Quebecor") the Plaintiff/Counterclaim-Defendant in this action. Quebecor is one of the world's largest printing organizations with plants throughout North America.

The parties conducted business by invoices and change orders until August 2004 when they entered into a Printing Agreement which was negotiated by the parties, executed by Elegant but not executed by Quebecor. The Printing Agreement required Elegant to print all issues of grace ormonde Wedding Style Magazine and grace ormonde Wedding Style New England with Quebecor for a period of three years. On January 10, 2007 Elegant gave Quebecor notice of

material breaches of the warranty of quality under paragraph 4 of the Printing Agreement. Quebecor failed to cure and was terminated by Elegant through notice dated April 6, 2007. The quality issues related to 71 pages of the magazine which failed to match proofs and thus failed to accurately reflect the requirements of the advertisers, contributors and editors. Colors were untrue, clarity was compromised, magazines were damaged and technical deficiencies were pervasive. Moreover, Quebecor's pricing, which was contractually tied to market conditions, far exceeded their competition's in violation of this provision. On these bases, Elegant exercised its right to terminate and publish its magazine elsewhere.

The evidence will show that Quebecor used outdated equipment and techniques on Elegant's magazine when more effective means were available. Quebecor fraudulently induced Elegant to enter into the August 2004 contract in reliance on the misrepresentations that quality would be improved and maintained and that prices would mirror the marketplace. After entering into the Printing Agreement, however, Quebecor largely ignored Elegant's quality complaints, charged excessive prices in violation of the contract, used substandard means and methods of printing, and failed to meet industry standards for high quality magazine print. Elegant shall present expert testimony in this regard.

After an unblemished six-year payment history, Elegant fell behind in its obligations to Quebecor in or about 2005, after two years of overcharging by Quebecor, and worked out a payment plan with the credit department. Even after termination, Elegant continued to make payments to Quebecor in good faith until the balance was reduced to $250,000.00 representing Elegant's damages for 71 pages of its Spring/Summer 2007 edition. It is undisputed that Elegant was billed for this sum, has not paid it and that this amount is in controversy.

On or about June 27, 2007 Quebecor filed a Complaint for $258,000.00 for breach of contract, book account and unjust enrichment. Elegant denied the allegations and counterclaimed for breach of contract for failure to cure or to compensate Elegant for material breaches, for breach of contract for overcharging and fraud in the inducement. Elegant has demanded a jury trial on all claims so triable.

Counsel for the parties met on August 21, 2007 to discuss discovery, disputed facts, legal issues and alternative dispute resolution. It is agreed that this case requires twelve months for discovery because (a) Quebecor's counsel has a lead role in the Station Night Club fire litigation which is entering an intensive period this Fall (b) Elegant's counsel is anticipating hip surgery in November (c) Quebecor's witnesses are located in Canada (d) both parties will likely need experts and (e) depositions regarding production of the magazines in Canada, where Elegant's personnel spent several weeks at the printing facility reviewing proofs, will likely involve a chain of production employees. The parties are in the process of voluntarily exchanging available documents and we are in agreement that the central issues are performance and cure. The parties also agree that an early mediation before the Magistrate Judge may be beneficial in this case.

Respectfully submitted,

/s/ Harris K. Weiner
Harris K. Weiner, Esquire #3779
321 South Main Street, Suite 302
Providence, Rhode Island 02903
Office : (401) 351-8200
Facsimile : (401) 351-9032

## CERTIFICATION

I, the undersigned, hereby certify that on this **24th** day of **August 2007**, a true copy of the foregoing was mailed, postage prepaid, to the attorney(s) of record listed below.

/s/ Harris K. Weiner
Harris K. Weiner, Esq.

Steven M. Richard, Esquire
Nixon Peabody LLP
One Citizens Plaza
Providence, Rhode Island 02903
Office: (401) 454-1020
Facsimile: (866) 947-1332